# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.                                                CV 08-0037 BB/WPL
                                                          CR 06-1447 BB

JAVIER RODRIGUEZ-HERNANDEZ,

    Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       Javier Rodriguez-Hernandez filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, contending that his trial counsel was ineffective in several ways. I appointed new counsel for him and conducted an evidentiary hearing. Because I find that Rodriguez-Hernandez's trial counsel disregarded specific instructions to file an appeal, I recommend that the § 2255 motion be granted in part and that the judgment of conviction and sentence be vacated and immediately reentered so that Rodriguez-Hernandez may perfect an appeal.

### PROCEDURAL BACKGROUND FROM THE CRIMINAL CASE[1]

       In June 2006, Rodriguez-Hernandez was indicted for reentry by a removed alien previously convicted of the aggravated felony of aggravated assault with a deadly weapon. (Doc. 10.) At that time, he was represented by appointed counsel. (Doc. 4, 12.) In October 2006, he retained Albert Granger to represent him. (Doc. 28.) On October 17, 2006, the parties entered into a written plea

---

[1] All document numbers in this section refer to CR 06-1447.

agreement. (Doc. 31.) Among other things, the agreement stated that Rodriguez-Hernandez could make an argument regarding the characterization of the prior offense at sentencing and that he "specifically retain[ed] his right to appeal any sentence . . . that is outside the applicable guideline range, and his right to contest the calculation of his criminal history points and criminal history category." (*Id.* at 3.) On the same day that the plea agreement was signed, Rodriguez-Hernandez entered a guilty plea in open court. (Doc. 50.) On March 21, 2007, he was sentenced to imprisonment for seventy months. (Doc. 37.)

On June 27, 2007, the Court received a letter from Rodriguez-Hernandez, complaining about the length of his sentence and stating:

> I spoke to my Lawyer because this is not the plea agreement I signed for. My Lawyer said there was nothing that he could do. But would speak to the Judge and just advised me that I could file an appeal [sic]. I then asked him to file my appeal immediately which he said he would. At this time he gave me my Pre-sentence investigation report. After reviewing my PSR I found several mistakes that raised my criminal history points by (4).

(Doc. 39.) Rodriguez-Hernandez claimed that he had tried to contact Granger, but Granger would not take his calls. He asked the Court to "look into the matter" and help him appeal. (*Id.*) The Court construed the letter as a motion for leave to file a late notice of appeal and denied the motion without prejudice to Rodriguez-Hernandez's right to file a § 2255 motion. (Doc. 40.)

## THE § 2255 PROCEEDINGS[2]

In his § 2255 motion, Rodriguez-Hernandez claimed that he instructed Granger to file an appeal, but Granger failed to do so. (Doc. 1.) In response to the motion, the Government submitted an affidavit by Granger. (Doc. 4 Ex. 4.) The affidavit states that Granger "explained to Mr.

---

[2] All document numbers in this section refer to CV 08-0037.

Rodriguez-Hernandez his rights to appeal [and] told him that, according to the terms of the plea agreement, he retained the right to appeal any sentence imposed by the Court that was outside of the applicable guideline range and he could contest the calculation of his criminal history points and criminal history category." (*Id.* at 2.) The affidavit further states, "I discussed with Mr. Rodriguez-Hernandez his options in regard to appealing his sentence of seventy (70) months imprisonment. I explained to him that it was my professional opinion that his case did not present any grounds for appeal. I did not file a notice of appeal in Mr. Rodriguez-Hernandez's case. I do not recall Mr. Rodriguez-Hernandez asking me to file a notice of appeal. Moreover, his case had no nonfrivolous appellate issues." (*Id.*)

At the evidentiary hearing on August 26, 2008, Rodriguez-Hernandez testified that he instructed Granger to file an appeal on the day he was sentenced. When he arrived in the courtroom on the day of sentencing, Granger went over the presentence report with him. (Doc. 20 Ex. 13 at 44-45.) Granger told him that his "points had been raised" and then said, "'Let's go see the judge and see what he says about why you got raised to 70 months." (*Id.* at 45.) During this conversation, Rodriguez-Hernandez told Granger that "if nothing could be done, then to go ahead and appeal." (*Id.*) Rodriguez-Hernandez also instructed Granger to file an appeal immediately after the judge advised him of his right to appeal at the conclusion of the sentencing hearing. (*Id.* at 40, 46.) Rodriguez-Hernandez testified that there was "no doubt" in his mind that he asked Granger for an appeal. (*Id.* at 62.)

During his testimony, Granger could not recall many of the details regarding his representation of Rodriguez-Hernandez. (*See, e.g., id.* at 7, 10, 13, 16-19, 23-24, 28-32.) He did not review his file for the case before testifying. (*Id.* at 32.) He testified that when clients ask him to appeal, he

3

advises them that they can either retain him to do the appeal or they "can do it on [their] own." (*Id.* at 21-22.) If Rodriguez-Hernandez had asked him to appeal, he would have "[e]ither filed the appeal, talked to his wife, advised him to go, you know, contact – wherever he's at, to get the forms or send the forms or whatever needs to be done." (*Id.* at 23.) He testified on direct examination that he did not recall Rodriguez-Hernandez asking him to file an appeal. (*Id.* at 21-23.) But on cross-examination, Granger acknowledged that "[i]t's possible" that Rodriguez-Hernandez asked him to appeal. (*Id.* at 33-34.)

During the time that he was representing Rodriguez-Hernandez, Granger lived in San Antonio, Texas and came to Las Cruces two or three times a week. (*Id.* at 34-35.) He ran a construction business in New Mexico. (*Id.* at 24, 35-36.) Although Granger "officially" stopped practicing law in June of this year, he has not "really had a caseload in several years." (*Id.* at 36.) He closed his New Mexico law practice sometime during the month following Rodriguez-Hernandez's March 21, 2007 sentencing. (*Id.* at 35.) When asked if his construction business was his "primary source of income in 2007," Granger responded, "Oh, yes, sir." (*Id.* at 36.)

### DISCUSSION

I find that Rodriguez-Hernandez instructed Granger to file an appeal on the day of sentencing. Rodriguez-Hernandez's letter to the Court explained the circumstances under which he asked Granger to appeal and sought help in pursuing the appeal. He reiterated his version of events at the evidentiary hearing and expressed "no doubt" that he instructed Granger to appeal. Granger, on the other hand, does not have a clear memory of this case. His testimony, in his affidavit and at the evidentiary hearing, indicates that he does not recall whether Rodriguez-Hernandez asked him to appeal.

"The Supreme Court has recognized repeatedly over the last thirty years that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477-78 (2000).  Accordingly, I recommend that Rodriguez-Hernandez's § 2255 motion be granted to the extent that it complains about Granger's failure to perfect an appeal.

Rodriguez-Hernandez contends that if the Court rules in his favor on the failure-to-appeal claim, the Court should not rule on the other claims in his § 2255 motion.  Instead, the other claims should be dismissed without prejudice so he can file another § 2255 motion raising those claims if he is unsuccessful on appeal.  The Government has expressed no opinion on this issue.  I agree with Rodriguez-Hernandez.  He should be placed in the position he would have been in if counsel had perfected his direct appeal. *United States v. Scott*, 124 F.3d 1328, 1329 (10th Cir. 1997).  If counsel had perfected the appeal and the appeal had been unsuccessful, Rodriguez-Hernandez would have been entitled to pursue relief through 28 U.S.C. § 2255 after the resolution of the appeal.  "[A] § 2255 motion should not be considered before the disposition of the direct criminal appeal." *Id.*; *see also Snitz*, 342 F.3d at 1159.

Therefore, I recommend that:

1) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be GRANTED IN PART;

2) the judgment and sentence in CR 06-1447 be vacated and immediately reentered, so that Rodriguez-Hernandez can perfect an appeal; and

5

3)  the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be DENIED WITHOUT PREJUDICE in all other respects.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE